UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
AMBAR ANGELES JIMENEZ,

                              Plaintiff,                          Case No. _____

      -against-

MOSHOLU-MONTEFIORE COMMUNITY CENTER, INC.,             **COMPLAINT**
CAROL HAMILTON, and  SHEENA SMITH,
 in their personal and professional capacities,

                            Defendants.           **Jury Trial Demanded**
-------------------------------------------------------------------------------X

       AMBAR ANGELES JIMENEZ ("Plaintiff"), by and through her attorneys, BERLINGIERI LAW, PLLC, as and for Complaint against MOSHOLU-MONTEFIORE COMMUNITY CENTER, INC., CAROL HAMILTON, and  SHEENA SMITH,  in their personal and professional capacities, alleges upon knowledge and belief as to herself and her own actions and upon information and belief as to all other matters as follows:

**NATURE OF THE CASE**

       1.      This is a civil action for damages and equitable relief based upon willful violations that the Defendants have committed of Plaintiff's rights guaranteed to her by: (i) discrimination based on sex under (i) Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C.§§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"); (ii) retaliation under Title VII; (iii) discrimination based on sex under, Article 15 of the Executive law the New York State Human Rights Law ("NYSHRL") § 296, et seq.; (iv) retaliation under NYSHRL; (v) aiding and abetting discrimination under NYSHRL; (vi) discrimination based on sex under the New York City Human Rights Law ("CHRL") § 8-107 et seq., New York City Admin. Code, Ch. 1 - § 8-107; (vii) retaliation under CHRL; (viii) aiding and abetting

discrimination under CHRL; (ix) interference with rights under CHRL; (x) supervisory liability under CHRL 8-107(13); (xi) the requirement that employers furnish employees with wage notices at the time of hire or annually containing specific categories of information under NYLL § 195(1); (xii) the requirement that employers furnish employees with wage statements on each payday containing specific categories of information under NYLL § 195(3); (xiii) negligent supervision, hiring, retention and training; (xiv) negligence *respondeat superior*; and claims as to individual defendants Hamilton and Smith only for, (xv) intentional infliction of emotional distress; (xvi) negligent infliction of emotional distress; and (xvii) prima facie tort; and claims as to individual defendant Hamilton only for, (xiii) assault; (xix) battery; and any other claims(s) that can be inferred from the facts set forth herein.

2.      Plaintiff seeks monetary relief including, but not limited to: compensatory and punitive damages; attorney's fees and the costs of this action; together with any and all other appropriate legal and equitable relief pursuant to applicable state and federal law.

3.      Costs, expert witness fees and attorney's fees are sought pursuant to 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction as this case involves a federal question under Title VII, 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

5.      This Court has supplemental jurisdiction under the State laws of the State of New York and City of New York. This Court has supplemental jurisdiction over Plaintiff's related claims arising under NYSHRL an CHRL and any and all state and local law pursuant to 28 U.S.C. §1367 (a).

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b). The acts and transactions complained of herein occurred in this District, Plaintiff resides and resided in this District during the course of her employment, and Defendant was and is located in this District.

7.      Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about August 11, 2022, (EEOC No. 520-2022-07423).

8.      On October 19, 2022, the EEOC issued a Notice of Right to Sue letter. (Appended hereto as Exhibit A).

**THE PARTIES**

9.      At all times relevant to this Complaint, Plaintiff was and is an individual residing in the County of New York, State of New York.

10.      Defendant Mosholu-Montefiore Community Center, Inc. ("MMC" or "employer defendant") was and is a not-for-profit corporation operating a community center and providing related social services organized and existing under and by virtue of the laws of the State of New York.

11.      Defendant MMC is headquartered at 3450 Dekalb Ave, Bronx, NY 10467.

12.      Upon information and belief, at all times relevant to this Complaint, Defendant MMC has employed 15 or more employees for each working day in each of the 15 or more calendar weeks in the current or preceding calendar year and meets the definition of an "employer" under Title VII and all applicable state and local statutes.

13.    Upon information and belief, Defendant Carol Hamilton ("Mr. Hamilton") (male) was a Social Work Supervisor of MMC and is an individual residing in the County of Bronx, State of New York.

14.    Upon information and belief, Defendant Sheena Smith ("Ms. Smith") (female) was and is the Program Director of MMC's Child Development Center and is an individual residing in the County of Bronx, State of New York.

## BACKGROUND FACTS

15.    Plaintiff (female) worked as a licensed clinical social worker for MMC at its Child Development Center from approximately March 2022, until on or about July 27, 2022.

16.    During her employment, Plaintiff did not have any performance issues and did not have any disciplinary write-ups.

17.    Plaintiff was an exceptional employee who was well liked by program members and staff.

18.    Defendant MMC mandated that Defendant Mr. Hamilton supervise Plaintiff.

19.    During Plaintiff's first interactions with Mr. Hamilton, he began to make sexual advances towards Plaintiff.

20.    For example, Mr. Hamilton told Plaintiff that he wanted to have sex with Plaintiff.

21.    Mr. Hamilton's sexual harassment towards Plaintiff became increasingly worse and that she informed her supervisor Ms. Smith (MMC Program Director) of Mr. Hamilton's sexual harassment.

22.      Mr. Hamilton is a preacher and used his reputation in the community to try to coerce Plaintiff sexually.

23.      Mr. Hamilton told Plaintiff that "I [Mr. Hamilton] like sex and I [Mr. Hamilton] get none" while he was complaining about his marriage.

24.      Mr. Hamilton disparaged his wife and informed Plaintiff about his sex life, sexual exploits, and past relationships with women.

25.      Mr. Hamilton asked Plaintiff personal questions about Plaintiff's life like if Plaintiff was "married" or if Plaintiff "smoked weed" or if Plaintiff "would date an older man?"

26.      Plaintiff could not answer his questions and felt embarrassed and did not know what to say because it was highly offense and unprofessional.

27.      Plaintiff explained to Ms. Smith that as a result of these advances Plaintiff suffered emotionally and had increased anxiety at work.

28.      Plaintiff explained to Ms. Smith that on April 13, 2022, on Plaintiff's first home visit with Mr. Hamilton, Mr. Hamilton invaded Plaintiff's personal boundaries and space and got too close for comfort around Plaintiff, prompting Plaintiff to leave and go to Plaintiff's mother's home because it was nearby.

29.      Next, on Plaintiff's second home visit, on May 11, 2022, Mr. Hamilton escalated his sexual harassment on Plaintiff. Mr. Hamilton stated that "young women who move into apartments in the city can't pay the rent and they start whoring to pay the rent." This comment was highly offense to Plaintiff as a young woman who pays rent in the city and works a side job as a nanny on weekend.

30.     Plaintiff informed Mr. Hamilton Plaintiff worked as a nanny on weekends, but he implied that as young woman Plaintiff "must be whoring."

31.     Plaintiff was shocked and offended by Mr. Hamilton's clear Bias and discrimination towards women.

32.     During the home visit on May 11, 2022, as Mr. Hamilton and Plaintiff were driving to our destination, they passed several restaurants and Mr. Hamilton asked Plaintiff to have lunch with him, however Plaintiff respectfully declined.

33.     Mr. Hamilton asked Plaintiff out to lunch on several occasions and asked Plaintiff to see him on Plaintiff's personal time.

34.     Plaintiff noticed that Plaintiff's supervision time with Mr. Hamilton as the supervisor lasts much longer than Plaintiff's male coworker Esteban who held the same role as Plaintiff did.

35.      Mr. Hamilton spent less time with Esteban and spent more time with Plaintiff because of his expressed sexual interest.

36.     Plaintiff felt a very hostile work environment by having Plaintiff's supervisor sexually harass Plaintiff verbally and even physically.

37.     Mr. Hamilton touched Plaintiff's back and Plaintiff's hair and invaded Plaintiff's personal space for his own self-gratification.

38.     Mr. Hamilton made offensive and unwanted contact with Plaintiff.

39.     It got even worse on May 25, 2022 , Mr. Hamilton informed Plaintiff that he had sexual interest in Plaintiff because he stated that "if I [Mr. Hamilton] wasn't married, I [Mr. Hamilton] would be chasing you [Plaintiff]."

6

40.     Plaintiff rebuffed Mr. Hamilton's advances and told him that she was not interested in him and that they work together and to keep it professional.

41.     Mr. Hamilton could not accept Plaintiff's rejection and did not hesitate to boast his academic credentials and the fact that he holds several degrees (upon information and belief two master's degrees) and could find another job for Plaintiff so that Mr. Hamilton and Plaintiff could be together.

42.     Mr. Hamilton's comments caused Plaintiff severe anxiety and Plaintiff had an anxiety attack in Plaintiff's doorway.

43.     Mr. Hamilton caused Plaintiff fear of apprehension of imminent harm.

44.     On May 27, 2022, Plaintiff emailed the Program Director Sheena Smith ("Ms. Smith") and to report Mr. Hamilton's incessant sexual harassment.

45.      Plaintiff explained to Ms. Smith that on May 27, 2022, Plaintiff could not do Plaintiff's third supervised home visit with Mr. Hamilton due to the fact that he sexually harassed Plaintiff on the first two home visits and made sexual comments to Plaintiff throughout Plaintiff's employment and he knows where Plaintiff's mother lives because he lives on the same block.

46.     On May 27, 2022, after Plaintiff sent her email complaint of sexual harassment to Ms. Smith, Defendant MMC terminated Mr. Hamilton's employment. Defendant MMC did not investigate Plaintiff's complaint thoroughly.

47.     On May 27, 2022, Coordinator Jahvar Duffus at Ms. Smith's direction sent all staff (including Plaintiff) a generic email with a subject line "Mr. Hamilton Has Moved On From MMCC [Defendant MMC]."

48.     The email asked staff "do not discuss this matter amongst yourselves ad reman in accordance with protocol listed in your MMCC Handbook" and wanted Plaintiff silenced.

49.     Plaintiff was so uncomfortable and decided Plaintiff could not continue Plaintiff's employment with this organization because they didn't take Plaintiff's complaints seriously and tried to make it seem like nothing ever happened, instead of actually investigating, taking statements from other female staff or clients to uncover the extent of Mr. Hamilton's rampant sexual harassment and hostile work environment based on sex and prior complaints.

50.     On May 27, 2022, Plaintiff informed Ms. Smith that Plaintiff feared continuing to work with Mr. Hamilton because of Mr. Hamilton' sexual harassment as her supervisor.

51.     Ms. Smith failed to substantively respond to Plaintiff's May 27, 2022, email complaint of sexual harassment and instead only responded "Please come to my office."

52.     Plaintiff agreed to stay with Defendant MMC for two additional months until July 27, 2022, because Plaintiff had compassion for the community and wanted to help MMC's clients in the community.

53.     Ms. Smith failed to investigate Plaintiff's complaint of sexual harassment.

54.     Upon information and belief, on or about May 27, 2022, Defendant MMC terminated Mr. Hamilton due to Plaintiff's complaints but did not support Plaintiff or stop him from further harassing Plaintiff.

55.     Even after Plaintiff's complaints about Mr. Hamilton and his termination, MMC staff spread rumors that Plaintiff got Mr. Hamilton terminated, because Defendant MMC kept

Plaintiff's sexual harassment complaint under seal and did not allow for a full and thorough investigation of the matter.

56.     Defendant MMC has a policy to keep all complaints of sexual harassment confidential.

57.     Defendant MMC failed to adhere to its own confidentiality policy with respect Plaintiff's complaint about the sexual harassment from Mr. Hamilton.

58.     On July 19, and 29, 2022, Mr. Hamilton called Plaintiff's workplace asking for Plaintiff in order harass and intimidate Plaintiff (Amanda Figueroa a Defendant MMC Supervisor hung up the phone on Mr. Hamilton and a Security Guard ["Lopez"] at the workplace confirmed that Mr. Hamilton had called for Plaintiff and a coworker Kristal confirmed to Plaintiff that Mr. Hamilton kept calling the facility asking for Plaintiff as well).

59.      Upon information and belief, Defendant MMC  and Ms. Smith did not want to make Plaintiff's complaint known to other staff for fear of having a slew of sexual harassment complaints against them.

60.     In a feeble attempt to address the situation, Ms. Smith sent out a memo dated July 25, 2022, regarding "Workplace Misconduct" and listed that "Harassment, Sexual Harassment, Discrimination, victimization, Borrowing money and not paying it back, Gossiping, violence and many other kinds of offensive or inappropriate behavior" were not permitted at Defendant MMC.

61.     Defendant MMC and Ms. Smith assumed that because MMC had fired Mr. Hamilton that Plaintiff was going to be satisfied with the outcome.

62.     Plaintiff was not satisfied with how Defendant MMC handled Plaintiff's serious complaints of sexual harassment and its aftermath.

63.     Ms. Smith permitted staff to discuss Plaintiff's private complaint of sexual harassment.

64.     Staff wrongfully blamed Plaintiff for Mr. Hamilton's sudden departure from MMC.

65.     On July 27, 2022, Plaintiff was constructively discharged from Plaintiff's position, because no reasonable person would work under such similar conditions of a hostile work environment based on sex and prior complaints.

66.     Plaintiff could not subject herself to any more abuse from Mr. Hamilton, MMC and/or Ms. Smith.

67.     Defendant MMC failed to provide Plaintiff a wage notice pursuant to NYLL 195(1).

68.     Defendant MMC failed to provide Plaintiff with compliant wage statements pursuant to NYLL 195(3).

<u>**AS A FIRST CAUSE OF ACTION**</u>
<u>**FOR DISCRIMINATION UNDER**</u>
<u>**TITLE VII**</u>
<u>**(Not against any individual Defendants)**</u>

69.     Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

70.     Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703] (a) Employer practices: It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . .

71.     Defendant MMC engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by allowing sex/gender discrimination and causing a hostile work environment.

72.     Defendant McHone violated the above and Plaintiff suffered numerous damages as a result.

73.     Defendant violated the above and Plaintiff suffered numerous damages as a result.

**AS A SECOND CAUSE OF ACTION
FOR RETALIATION UNDER
THE AMERICANS WITH DISABILITIES ACT
(Not against any individual Defendants)**

74.     Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

75.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of h[er] employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

76.     The employer Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practice.

77.     Defendant violated the above and Plaintiff suffered numerous damages as a result.

**AS A THIRD CAUSE OF ACTION
FOR DISCRIMINATION UNDER
NEW YORK STATE LAW
(AGAINST ALL DEFENDANTS)**

78.     Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

79.     Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color,

national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

80.     Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her sex and prior complaints and caused a hostile work environment.

81.     Plaintiff hereby makes a claim against Defendant s under all of the applicable paragraphs of Executive Law Section 296.

**AS A FOURTH CAUSE OF ACTION**
**FOR RETALIATION UNDER**
**NEW YORK STATE LAW**
**(AGAINST ALL DEFENDANTS)**

82.     Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

83.     New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

84.     Defendants engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff.

85.     Defendants violated the above section as set forth herein.

## AS A FIFTH CAUSE OF ACTION
## FOR AIDING AND ABETTING UNDER
## NEW YORK STATE LAW
## (AGAINST ALL INDIVIDUAL DEFENDANTS)

86.     Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs

of the complaint.

87.     New York State Executive Law §296(6) further provides that "It shall be an unlawful

discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of

the acts forbidden under this article, or to attempt to do so."

88.     Defendants engaged in an unlawful discriminatory practice by aiding, abetting,

compelling and/or coercing the discriminatory behavior as stated herein.

89.     Defendants violated the above section as set forth herein.

## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

90.     Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs

of this complaint.

91.     The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful

discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the

actual or perceived age, race, creed, color, national origin, gender, disability, marital status,

sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or

to bar or to discharge from employment such person or to discriminate against such person in

compensation or in terms, conditions or privileges of employment."

92.     Defendants engaged in an unlawful discriminatory practice in violation of New York

City Administrative Code Title 8, by creating and maintaining discriminatory working

conditions and a hostile work environment, and otherwise discriminating against the Plaintiff because of Plaintiff's sex and prior complaints.

93. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

94. Defendants violated the above section as set forth herein.

**AS A SEVENTH CAUSE OF ACTION
FOR RETALIATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(AGAINST ALL DEFENDANTS)**

95. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

96. The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . , to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

97. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

98. Defendants violated the above section as set forth herein.

**AS AN EIGHTH CAUSE OF ACTION**
**FOR AIDING AND ABETTING UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL INDIVIDUAL DEFENDANTS)**

99.     Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

100.    The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

101.    Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

102.    Defendants violated the above section as set forth herein.

**AS A NINTH CAUSE OF ACTION**
**FOR INTERFERENCE WITH PROTECTED RIGHTS UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL INDIVIDUAL DEFENDANTS)**

103.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

104.    Section 8-107(19), entitled Interference With Protected Rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

105.    Defendants violated the above section as set forth herein.

## AS A TENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

106.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

107.    Section 8-107(13) entitled Employer Liability For Discriminatory Conduct By Employee, Agent or Independent Contractor provides "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section." b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

108.    Defendants violated the above section as set forth herein.

**AS AN  ELEVENTH CAUSE OF ACTION**
**FOR VIOLATION OF SEC. NYLL 195-1**
**(Not against any individual Defendants)**

109.    NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

110.    As described above, Defendant MMC Dermatology was an employer within the meaning of the NYLL, while Plaintiff was an employee within the meaning of the NYLL.

111.    Defendant failed to furnish Plaintiff with a wage notice at the time of her hire on or about November 12, 2019, that accurately contained all of the criteria that the NYLL requires.

112.    On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff in the amount of $50 for each workday after the violation occurred, up to a statutory cap of $5,000.

113.    Defendants violated the above section as set forth herein.

**AS A TWELFTH CAUSE OF ACTION**
**FOR VIOLATION OF SEC. NYLL 195-1**
**(Not against any individual Defendants)**

114.    Plaintiff, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

115.    As described above, Defendants willfully failed to furnish Plaintiff, on each payday with accurate wage statements containing the criteria required under NYLL § 195(3).

116.    Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff for statutory damages, liquidated damages, attorneys' fees, and costs.

### AS A THIRTEENTH CAUSE OF ACTION
### FOR NEGLIGENT SUPERVISION, HIRING, RETENTION AND TRAINING
### (Not against any individual Defendants)

117.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

118.     The Defendants are responsible for the training and supervision of all employees, agents, contractors and subcontractors who manage the premises including but not limited to the Restaurant and employee/patron safety and have a duty to stop/prevent unlawful and/or tortious acts from occurring on the premises.

119.     The actions of the individual Defendants are the responsibility of and are imputed to and binding upon the employer Defendant.

120.     The employer Defendant have a duty to prevent employees/servants/agents, including the individual Defendants from acting or engaging in unlawful and/or tortious conduct.

121.     The employer Defendant's negligence in hiring, supervising, and retaining employees/servants/agents that engaged in tortious and/or otherwise unlawful conduct was the direct and proximate cause of Plaintiff's injuries.

122.     The employer Defendant's owners are liable jointly and severally for damages resulting from the individuals Defendant's negligent actions/omissions.

123.     Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestation of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life.

124.     As a direct and proximate result of the Defendants' actions Plaintiff suffered extreme emotional distress therefrom.

**AS AN FOURTEENTH CAUSE OF ACTION**
**FOR NEGLIGENCE *RESPONDEAT SUPERIOR***
**(Not against any individual Defendants)**

125.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

126.    The employer defendant owed Plaintiff a duty from employees/agents acting or engaging in unlawful and/or tortious conduct against Plaintiff.

127.    The individual defendants committed torts against Plaintiff within the scope of their employment.

128.    The harm to Plaintiff from the individual defendants' tortious conduct was foreseeable to the employer defendant.

129.    Plaintiff suffered damages as a result.

**AS A FIFTEENTH CAUSE OF ACTION**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(As to individual Defendants Hamilton and Smith only)**

130.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

131.    As described above, Defendant Mr. Hamilton's and Ms. Smith's behavior willfully intended to cause Plaintiff emotional distress.

132.    Defendant Mr. Hamilton's and Ms. Smith's conduct was extreme and outrageous.

133.    Defendant Mr. Hamilton and Ms. Smith in perpetrating the above-described conduct, inflicted emotional distress on Plaintiff and failed to provide Plaintiff a safe workplace.

134.    Defendant Mr. Hamilton's and Ms. Smith's actions were harmful and offensive to the Plaintiff and would be harmful and offensive to any reasonable person.

135.    Defendant Mr. Hamilton and Ms. Smith caused the Plaintiff to suffer emotional distress

136.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein

137.     Defendant Mr. Hamilton and Ms. Smith caused Plaintiff to fear apprehension of imminent harm.

138.     Defendant Mr. Hamilton and Ms. Smith had the ability to cause Plaintiff real and substantial harm

139.     Defendant Mr. Hamilton's and Ms. Smith's actions caused Plaintiff to fear apprehension of imminent harm and Plaintiff in fact feared for her personal well-being and safety in the workplace.

140.     As a direct and proximate result of Defendant Mr. Hamilton's and Ms. Smith's actions caused  Plaintiff suffered apprehension of imminent harm and emotional distress therefrom.

141.     As a direct and proximate result of Defendant Mr. Hamilton's and Ms. Smith's tortious conduct, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestation of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life.

142.     Plaintiff suffered damages as a result of Defendant Mr. Hamilton's and Ms. Smith's offensive conduct.

143.     As a result of Defendant Mr. Hamilton's and Ms. Smith's offensive conduct causing Plaintiff to fear apprehension of imminent harm, Plaintiff suffered emotional distress damages.

## AS A SIXTEENTH CAUSE OF ACTION
## FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (As to individual Defendants Hamilton and Smith only)

144.     As described above, the individual Defendants knew or should have known that they intended to cause Plaintiff emotional distress.

145. Defendants' conduct was extreme and outrageous.

146. Plaintiff was in the zone of danger from Defendants' actions, and it could be foreseeable that their actions could or would cause emotional distress upon the Plaintiff.

147. Defendants in perpetrating the above-described conduct, inflicted emotional distress as a result.

148. Defendants Hamilton and Smith acted with malice towards Plaintiff.

149. Defendants' actions were harmful and offensive to the Plaintiff and would be harmful and offensive to any reasonable person.

150. Defendants' actions did in fact cause the Plaintiff to suffer severe emotional distress.

**AS A SEVENTEETH CAUSE OF ACTION**
**FOR *PRIMA FACIE* TORT**
**(As to individual Defendants Hamilton and Smith only)**

151. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

152. Plaintiff has pleaded the elements of *prima facie* tort, that: (1) the defendants caused intentional infliction of harm on Plaintiff , (2) resulting in damage, and (3) without legal excuse or justification – and (4) liability could not be imposed for otherwise lawful conduct unless the conduct was contrary to public policy.

153. Defendants caused intentional infliction of harm when defendants employees spread rumors that falsely accused Plaintiff of getting Mr. Hamilton fired and/or violating company policies, etc.

154. Plaintiff was damaged by the injurious falsehoods of Defendants which resulted in depreciation of her rights making her suffer extreme humiliation and shock.

155. Defendants acted without legal excuse or justification.

156.    Defendants' actions were against public policy of allowing individuals (who of no fault of their own) are sexually harassed and lodge complaints of sexual harassment and are then forced to resign by way of constructive discharge because the employer could not assure an employee's safety.

157.    Plaintiff suffered irreparable harm to her reputation and mental well-being as a result of Defendants clearly intentional tortious conduct.

### AS AN EIGHTEENTH CAUSE OF ACTION
### FOR BATTERY
### (As to individual Defendant Hamilton only)

158.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

159.    Mr. Hamilton made offensive and unwanted contact with Plaintiff's body.

160.    Plaintiff was shocked and afraid and disturbed by Mr. Hamilton's offensive and unwanted touching.

161.    Plaintiff suffered damages as a result.

### AS AN NINTEENTH CAUSE OF ACTION
### FOR ASSAULT
### (As to individual Defendant Hamilton only)

162.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

163.    Defendant Mr. Hamilton caused Plaintiff to fear apprehension of imminent harm.

164.    Defendant Mr. Hamilton had the ability to cause Plaintiff real and substantial harm.

165.    Defendant Mr. Hamilton's actions caused Plaintiff to fear apprehension of imminent harm and Plaintiff in fact feared for their personal well-being and safety in the workplace.

166.     As a direct and proximate result of Defendant Mr. Hamilton's actions Plaintiff suffered apprehension of imminent harm and emotional distress therefrom.

167.     As a direct and proximate result of Defendant Mr. Hamilton's tortious conduct, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestation of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life.

168.     Plaintiff suffered damages as a result of Defendant Mr. Hamilton' offensive conduct that cause Plaintiff to fear apprehension of imminent harm.

## DEMAND FOR A JURY TRIAL

169. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.     A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States, New York State and New York City laws;

b.     Awarding Plaintiff all damages;

c.     Awarding Plaintiff compensatory damages;

d.     Awarding Plaintiff punitive damages;

e.     Awarding Plaintiff consequential damages;

f.     Awarding Plaintiff statutory damages;

g.     Awarding Plaintiff special damages;

h.     Awarding Plaintiff costs and disbursements incurred in connection with this

action,        including reasonable attorneys' fees, expert witness fees, and other costs;

      i.     Pre-judgment and post-judgment interest, as provided by law; and

      j.     Granting Plaintiff further relief as this Court finds necessary and proper.

Dated: January 16, 2023
New York, New York

                           Respectfully submitted,

By:    *Christopher J. Berlingieri*
CHRISTOPHER J. BERLINGIERI, ESQ.
(CB 1988)
BERLINGIERI LAW, PLLC
*Attorney for Plaintiff*
244 Fifth Avenue, Suite F276
New York, New York 10001
Tel.:   (347) 766-5185
Fax:   (914) 730-1044
Email: cjb@nyctlaw.com

# EXHIBIT A

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**New York District Office**
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website:  www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 10/19/2022

**To:** Ambar Angeles Jimenez
108 Ellwood Street Apt. 41
New York, NY 10040
Charge No: 520-2022-07423

EEOC Representative and email:    Silvia Deng-Batista
Federal Investigator
silvia.deng-batista@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Timothy Riera
10/19/2022

Timothy Riera
Acting District Director

**Cc:**

Christopher Berlingieri
cjb@nyctlaw.com


Please retain this notice for your records.